UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20926-CR-SEITZ/O'SULLIVAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DONALD CUNNINGHAM,

        Defendant.

_____/

## ORDER

THIS MATTER is before the undersigned on a referral from the District Court.
See Order of Reference to Magistrate Judge (DE# 24, 6/2/10). The defendant is
charged by indictment in the Southern District of Florida with possession of a firearm by
a convicted felon in violation of section 922(g)(1), United States Code, Title 18. See
Indictment (DE# 12, 11/3/09). On July 1, 2010, the undersigned held a competency
hearing. At this hearing, Dr. Elsa M. Marban testified on behalf of the defendant and Dr.
Lisa B. Feldman testified on behalf of the government. The Court admitted into
evidence the defendant's Exhibits 1 through 3 and the government's Exhibits 1 through
3.

## LEGAL STANDARD

The Court is required to hold a competency hearing "if there is reasonable cause
to believe that the defendant may presently be suffering from a mental disease or
defect rendering him mentally incompetent to the extent that he is unable to understand
the nature and consequences of the proceedings against him or to assist properly in his
defense." 18 U.S.C. § 4241(a). "The legal test for competency is whether the defendant
had 'sufficient present ability to consult with his lawyer with a reasonable degree of

rational understanding' and whether he had 'a rational as well as factual understanding of the proceedings against him.'" United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir. 1986) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)). At the competency hearing, the parties stipulated that the defendant has the burden of proof under 18 U.S.C. § 4241.

## BACKGROUND

The defendant has a history of low intelligence and auditory hallucinations. The defendant's school records show that at the age of eight, he had an intelligence quotient (hereinafter "IQ") of 57. In a subsequent IQ test, the defendant had a score of 59. An IQ score of 70 or below is associated with mental retardation.[1] The defendant was enrolled in special education classes while in school and, other than a brief period when he worked as a bus boy in a restaurant, has been unable to obtain employment.

The defendant was in state custody for approximately five years. During this time, the defendant underwent court-ordered evaluations with several doctors. The evaluations showed that the defendant had low intelligence and exhibited signs of exaggeration or malingering. On June 17, 2004, a state court judge found that the defendant was incompetent to stand trial.[2]

The defendant was evaluated by Dr. Feldman, the government's expert from December 2009 through January 2010. Dr. Feldman conducted a clinical interview, a mental status evaluation and administered several psychological tests. The tests that

---

[1] An IQ score alone is insufficient to diagnose mental retardation. The criteria for diagnosing mental retardation under the Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV") are as follows: (1) an IQ of 70 or below before the age of 18 and (2) concurrent deficits or impairments in present adaptive function in at least two of areas – communication, self-care and home living, social skills, use of community resources, self-direction, functional academic skills, work, leisure, health issues or safety.

[2] The state court standard for competency differs from the federal standard in that the state court standard contains additional criteria. See Fla. R. Crim. P. 3.211.

Dr. Feldman administered were the Wechsler Adult Intelligence Scale-Fourth Edition, the Validity Indicator Profile, the Test of Memory Malingering, the Competency Questionnaire, the Georgia Court Competency Test – Mississippi State Hospital and the Minnesota Multiphasic Personality Inventory – Second Edition.  Dr. Feldman and staff at the Federal Detention Center also observed the defendant's behavior and reviewed recorded telephone conversations made by the defendant. Dr. Feldman diagnosed the defendant with malingering and antisocial personality disorder. Dr. Feldman did not diagnose the defendant with mental retardation.

On March 12, 2010 and April 2, 2010, the defendant was evaluated by Dr. Marban, the defendant's expert. Dr. Marban spent approximately 11 hours with the defendant. During this time, Dr. Marban interviewed the defendant and administered a series of psychological tests. Dr. Marban administered the Wechsler Adult Intelligence Scale – Fourth Edition, the Minnesota Multiphasic Personality Inventory – Second Edition, the Miller Forensic Assessment of Symptoms Test and the Evaluation of Competency to Stand Trial-Revised. Dr. Marban concluded that the defendant was mentally retarded, emotionally immature and met the criteria for anti-social personality disorder. While Dr. Marban agreed with the state court doctors who previously examined the defendant that the defendant may be exaggerating psychiatric symptoms, she observed readily apparent cognitive deficits and opined that the defendant was not competent to stand trial.

## DISCUSSION

### 1.      The Defendant Has a Rational as Well as Factual Understanding of the Proceedings Against Him

Under the first prong, the defendant must be able to understand the nature and consequences of the proceedings against him. The defendant meets this prong. Dr. Marban testified on cross examination that the defendant understood that there would

be a judge and a prosecutor in the case. He also understood that he would likely face punishment if convicted, that he would have to tell the truth if he testified at trial and that he would have to the tell the truth to his counsel. The Court finds, that the defendant has a rational as well as factual understanding of the proceedings against him.

**2.     The Defendant has Sufficient Present Ability to Consult with His Lawyer with a Reasonable Degree of Rational Understanding**

The defendant has mild mental retardation.[3] A finding of mental retardation alone is not enough to determine incompetency. "Incompetency to stand trial is not defined in terms of mental illness. As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial without being mentally ill." United States v. Williams, No. 5:06-cr-36-Oc-10GRJ, 2007 WL 1655371, at * 5 (M.D. Fla. Jun. 7, 2007 ) (internal citation and quotation marks omitted). The Court notes that Dr. Marban testified that the defendant has the capacity to testify to facts that he has observed, has the ability to testify as to his recollection of the facts and that the defendant did not exhibit a memory or perception deficit. Additionally, Dr. Marban administered the Evaluation of Competency to Stand Trial-Revised ("ECST-R") test[4] which is a semi-structured interview designed to assess psycho-legal domains relevant to a competency determination. One of areas the ECST-R is designed to test is the ability to consult with counsel. The defendant's score in this area was a 50. Scores of 60 through 69 suggest moderate impairment, scores between

---

[3] Although the government's expert did not diagnose the defendant with mental retardation, at the July 1, 2010 competency hearing, the government proposed that the Court assume that the defendant is mentally retarded. The Court finds that there is sufficient evidence on the record to support the finding that the defendant is mentally retarded.

[4] Dr. Marban noted in her report that the defendant's scores on the ECST-R test were "interpreted with caution" because the ECST-R has not been validated for individuals with IQ scores of less than 60. Dr. Marban administered the ECST-R to the defendant despite his IQ of 59 because she felt the defendant's true IQ score fell between 56 and 64.

70 and 79 suggest severe impairment, scores of 80 through 90 suggest extreme impairment and scores of 90 or above suggest very extreme impairment. The defendant's score was not indicative of even a moderate impairment. Dr. Feldman reported that during her interviews with the defendant, the defendant claimed he could not comprehend questions posed to him and spoke at a slow rate and rhythm. However, in telephone conversations played during the hearing (Government's Exhibit 3), the defendant's rate of speech was normal and he was able to discuss career goals and converse about and obtain an address. Thus, not withstanding his mild mental retardation, the defendant has sufficient present ability to consult with his lawyer within a reasonable degree of rational understanding. The Court notes that the crime the defendant has been charged with and the underlying facts giving rise to that charge are not complicated. Thus, the defendant has the capacity to consult with his counsel within a reasonable degree of rational understanding. The Court finds that the defendant is competent and able to properly assist in his defense.

## **CONCLUSION**

Based on the evidence, the Court finds that the defendant has the capacity to assist towards his defense and a reasonable rational understanding of the proceedings in this case. Accordingly, the defendant is competent to stand trial as provided in 18 U.S.C. § 4241.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **2nd** day of July, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
All Counsel of Record